

| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| **Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>Friedman Vartolo LLP<br>85 Broad Street- Suite 501<br>New York, New York 10004<br>bankruptcy@friedmanvartolo.com<br>T: (212) 471-5100<br>F: (212) 471-5150<br>Attorneys for SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of the Igloo Series IV Trust | Order Filed on April 22, 2021<br>by Clerk<br>**District of New Jersey**<br>**U.S. Bankruptcy Court**<br><br>Case No.: 20-23833- |
| In Re:<br><br>Alice L. McCargo,<br><br>Debtor. | Chapter: 13<br><br>Hearing Date: May 12, 2021<br><br>Hon. Judge:<br>Andrew B. Altenburg Jr. |

**CONSENT ORDER RESOLVING ARREARS ON CLAIM 4-1**

The consent order set forth on the following page(s), numbered two (2) is hereby **ORDERED**.

**DATED: April 22, 2021**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

**(Page 2)**

Debtor: Alice L. McCargo
Case No.: 20-23833-ABA
Caption: Agreed Order Resolving Arrears in Claim 4-1

THIS MATTER having been brought before the Court by Thomas G. Egner, Esq., attorney for the Debtor, Alice L. McCargo ("Debtor"), upon the filing of a Chapter 13 Plan, and SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of the Igloo Series IV Trust ("Secured Creditor"), by and through its attorneys, Friedman Vartolo LLP, having filed a Proof of Claim (claim 4-1) on February 12, 2021, and the parties having subsequently resolved their differences; and the Court noting the consent of the parties to the form, substance and entry of the within Order; and for good cause shown;

**IT IS HEREBY ORDERED** as follows:

1. The pre-petition arrears claim filed by Secured Creditor at claims registry #4-1 shall not be paid by the Trustee and shall be cured through the Chapter 13 case filed by Ayesha McCargo, Case Number 20-23665 (claim 9-1).

2. Debtor shall make timely ongoing post-petition payments directly to Secured Creditor. Debtor acknowledges that the monthly post-petition mortgage payment is subject to change in accordance with the terms of the note, mortgage and any payment change notices.

3. In the event the instant Chapter 13 bankruptcy case is dismissed or converted to another chapter under the bankruptcy code prior to Secured Creditor's secured claim being paid in full, the terms of the note and mortgage shall govern.

4. This Order shall be incorporated in and become part of any Order Confirming Plan in the herein matter.

The undersigned hereby consents to the form and entry of the within Order:

| | |
|---|---|
| _____ | /s/ Jonathan Schwalb |
| Thomas G. Egner, Esq. | Jonathan Schwalb, Esq. |
| Attorney for the Debtor | Attorney for Secured Creditor |